OPINION
{¶ 1} Appellants, James D. Irvin and Carol A. Irvin, appeal from the February 1, 2005 judgment entry of the Geauga County Court of Common Pleas, confirming the sheriff's sale and ordering distribution of their home.
 {¶ 2} GMAC Mortgage Corporation ("GMAC") filed a complaint for foreclosure against appellants on January 7, 2004. Appellants did not file an answer. On April 16, 2004, the trial court granted GMAC's motion for default judgment, ordering appellants' home be foreclosed and sold pursuant to public sale. The foreclosure sale took place on July 29, 2004.
 {¶ 3} On August 30, 2004, GMAC filed a motion to substitute the plaintiff, requesting the trial court to substitute appellee, Resource One Mortgage Corporation ("Resource One"), as the proper plaintiff due to the fact that GMAC had transferred the note and mortgage to Resource One. The trial court granted GMAC's motion on September 15, 2004.
 {¶ 4} On October 27, 2004, Resource One filed a motion to confirm the sheriff's sale of the property, distribute the proceeds of the sale, and convey the property to the purchaser. On November 19, 2004, appellants appeared for the first time and filed a motion to deny confirmation of the sale, arguing that GMAC was not the proper party to bring the foreclosure action, and as such, did not have standing to file it. The trial court denied appellants' motion on November 30, 2004 and entered confirmation of the sheriff's sale on February 1, 2005. It is from that judgment entry that appellants appeal, and raise the following assignment of error:
 {¶ 5} "[t]he [t]rial [c]ourt erred in its decision to let Resource One Mortgage Corporation, [a]ppellee, assume all the benefits of the procedural safeguards taken by a plaintiff with no standing to sue, GMAC Mortgage Corporation, when it was finally substituted in a foreclosure action to sell real estate, after the public sale phase, as the proper party plaintiff. There was no threshold determination by the [t]rial [c]ourt of GMAC Mortgage Corporation's standing to sue. The trial court reached the merits of the case without such a threshold determination."
 {¶ 6} In its sole assignment of error, appellants argue that GMAC did not have standing to bring the foreclosure action since it was a collection agency for Resource One and therefore, did not have any right, title or interest in the property.
 {¶ 7} Again, appellants challenge the standing of Resource One to pursue this action to a conclusion. On October 27, 2004, Resource One filed a motion to confirm the sheriff's sale. On November 9, 2004, the trial court ordered "all parties or other interested persons opposed to said motion file briefs in opposition and support[ing] evidence on or before November 22, 2004." Pursuant to Loc.R. 7(B) and (C) of the Geauga County Court of Common Pleas, when a motion "requires consideration of facts not appearing of record," parties must file and serve "copies of all affidavits, depositions, or other evidence" in support of the motion with said motion.
 {¶ 8} Appellants filed their motion to deny confirmation of sale within the time-frame as ordered by the trial court. However, they did not remit any evidential material with their motion pursuant to the trial court's order and the local rules that properly supported the thrust of their argument; i.e., that Resource One is not a lawful assignee of GMAC as the mortgagee under the mortgage in question, subsequent to the foreclosure sale here, and before the confirmation of sale, order of distribution, and the sheriff's confirmation of title to the purchaser.
 {¶ 9} For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed.
Grendell, J., concurs.
O'Toole, J., concurs in judgment only.